IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEREMY R. WILDMAN, <br> Petitioner, | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 4:10-CV-987-Y |
| RICK THALER, DIRECTOR, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br> Respondent. | § <br> § <br> § <br> § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jeremy R. Wildman, TDCJ-CID # 1277576, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lubbock, Texas.

Respondent Rick Thaler is the Director of TDCJ-CID.

#### C. FACTUAL AND PROCEDURAL HISTORY

On December 22, 2004, petitioner was convicted of capital murder and sentenced to life imprisonment in Tarrant County, Texas, Case No. 0921584D. (Pet. at 2; Texas Department of

Criminal Justice (TDCJ), Offender Information Detail) Petitioner did not seek direct review of his conviction or postconviction state habeas corpus relief. (Pet. at 3; Resp't Preliminary Resp. Ex. B) On November 23, 2010,[1] petitioner filed the instant federal petition for writ of habeas corpus challenging his conviction on four grounds: (1) he was denied effective assistance of counsel because counsel failed to raise an insanity defense; (2) the trial court lacked subject matter jurisdiction; (3) the indictment was invalid; and (4) he is psychotic and received ineffective assistance of counsel because counsel failed to request a competency hearing. (Pet. at 7-8) As directed, respondent has filed a preliminary response to the petition addressing only the timeliness of the petition under the federal statute of limitations. Petitioner did not reply.

### D. STATUTE OF LIMITATIONS

28 U.S.C. § 2254 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief by a state prisoner. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Typically, a prisoner's pro se habeas petition is deemed "filed" when it is handed over to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing). Petitioner is not given the benefit of the so-called "prison mailbox rule" however because he did not indicate on his petition the date he placed his petition in the prison mailing system.

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgment of conviction became final upon expiration of the time that Barker had for filing a timely notice of appeal on January 21, 2005, and expired one year later on January 21, 2006, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Petitioner is not entitled to statutory tolling of the limitations period under § 2244(d)(2) because he did not file an action for postconviction state habeas relief challenging his conviction. Nor has he alleged or demonstrated that he may be entitled to equitable tolling of the federal limitations period. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010). Under *Holland,* "a habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of petitioner's federal petition, that the Supreme Court has announced a new rule(s) applicable to petitioner's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted), *cert. denied*, — U.S. —, 131 S.Ct. 1574 (2011). Petitioner has not established that he was diligent in his pursuit of federal habeas relief or that his alleged mental defect impeded him from asserting his legal rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before January 21, 2006; thus, his petition filed on November 23, 2010, is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 19, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

4

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 19, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June __28__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE